IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONE POWELL,

    Petitioner,                     No. CIV S-05-1786 GEB KJM P

    vs.

DAVID RUNNELS,                     <u>ORDER AND</u>

    Respondent.                  <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He challenges his Sacramento County convictions for assault with a firearm and shooting into an inhabited dwelling on three grounds: (1) the prosecutor failed to release exculpatory evidence to the defense as required by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); (2) ineffective assistance of trial counsel in failing to present alibi witnesses, to explore discrepancies between police reports and witnesses' statements, and failing to secure a mistrial when an important defense witness died, among other things; and (3) the prosecutor elicited inadmissible evidence.

        Respondent has filed a motion to dismiss, arguing that ground two of the petition has not been exhausted in state court.  Petitioner has opposed the motion and filed a request for a

/////

stay of these proceedings to permit him to exhaust his state remedies, a request respondent has opposed.

I. Exhaustion Of State Remedies

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

Respondent has lodged a copy of the Petition for Review filed in the California Supreme Court in petitioner's case in May 2004. It raises a single ground: petitioner was denied a fair trial because prejudicial hearsay identifying him as the shooter was improperly put before the jury. Lodged Document A. A perusal of the state petition itself satisfies the court that this corresponds to ground three of the federal habeas petition. Accordingly, the two other issues in the federal habeas petition are not exhausted.

II. Staying The Proceedings

Petitioner has requested a stay of the proceedings to allow him to exhaust his state remedies as to his claim of ineffective assistance of counsel. He argues that this claim was not exhausted earlier because appellate counsel would not include it in the direct appeal. He also argues that appellate counsel delayed in sending his trial transcripts, which slowed his investigation. Respondent has opposed the request on the ground that petitioner must have been aware of trial counsel's failures since the time of his conviction, which was in December 2002. Neither party addresses the Brady claim included as petitioner's first claim in the federal habeas petition.

/////

In <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), the Supreme Court held:

> [I]t likely would be an abuse of discretion for a district court to deny a stay. . . if the petitioner had good cause for this failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

<u>Id</u>. at 278.  Petitioner does not explain how his investigation of counsel's ineffectiveness, which flows from what counsel failed to do at trial, was hampered by his delayed access to his trial transcripts.  However, portions of his claim may rest on proceedings at trial: petitioner claims that counsel did not act to protect his rights at trial when an important witness died.  Because this portion of the claim, and others, may be based on events at trial, this court will not penalize petitioner for waiting until he received his transcripts to pursue his claim of ineffective assistance of counsel.  Although it would have been preferable for petitioner to file his claims in the state court before pursuing his federal remedies, the instant petition appears to be a "protective petition," filed as a hedge against the statute of limitations.  <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 415-16 (2005).  Moreover, because the prosecutor's alleged failure to release <u>Brady</u> material may have been discussed at trial, and the discussion memorialized in the trial transcript, the delay in raising the claim does not appear to flow from intentional delay.

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner's July 21, 2006 request for a stay is granted.

2. Petitioner shall file his state exhaustion petition within thirty days of the date of this order.

3. Within ninety days of the date of this order, petitioner shall file a status report on the progress of the state exhaustion petition.

4. If the state exhaustion proceeding is not completed within one hundred eighty days of the date of this order, petitioner shall file a second status report, and further reports at ninety day intervals until the exhaustion process is completed.

/////

5. Within thirty days of the California Supreme Court's resolution of the state action, petitioner shall file a motion to lift the stay together with either a motion to dismiss the action or a motion to file an amended petition, along with a copy of the proposed amended petition.

6. Petitioner is advised his failure to comply with the time limits of this order may result in an order lifting the stay.

IT IS HEREBY RECOMMENDED that respondent's June 16, 2006 motion to dismiss be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 20, 2006.

_____
U.S. MAGISTRATE JUDGE

2
powe1786.157