IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONE POWELL,

    Petitioner,                    2:05-cv-1786-GEB-KJM-P

    vs.

DAVID RUNNELS,

    Respondent.                  <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has timely filed a notice of appeal of this court's August 5, 2009 denial of his application for a writ of habeas corpus.  Before petitioner can appeal this decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

        A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

        A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'" <u>Jennings v. Woodford</u>,

1

290 F.3d 1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).[1]

Petitioner has made a substantial showing of the denial of a constitutional right, such that the correct result is debatable among reasonable jurists, in the following issues presented in the instant petition: (1) whether his rights to due process and to confront the witnesses against him were violated when the trial court admitted into evidence statements made by the victim's daughter to a 911 operator; and (2) whether his trial counsel rendered ineffective assistance by failing to investigate whether his prior robbery conviction constituted a valid "strike."[2]

Accordingly, IT IS HEREBY ORDERED that a certificate of appealability is issued in the present action.

Dated: September 30, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] Except for the requirement that appealable issues be specifically identified, the standard for issuance of a certificate of appealability is the same as the standard that applies to issuance of a certificate of probable cause. Jennings, 290 F.3d at 1010.

[2] In his motion for a certificate of appealability, petitioner alleges that he was with his former wife on the night of the shooting and is therefore innocent of the charged crimes. In support of this allegation, petitioner has submitted a declaration by his former wife to the effect that petitioner was with her at all relevant times. This declaration was signed three days before the judgment in this case was entered, but was not filed until almost one month after the date of the judgment. Petitioner asserts that he informed his trial counsel about the existence of this witness, but that counsel failed to investigate or interview her or other witnesses who saw another man at the victim's residence at the time of the crime. (August 31, 2009 "Request for COA," at 10-11, 14-15, 16, 18-19.) Petitioner argues that this court should "hear the actual innocence claim on the merits or should certify the entire petition for reconsideration by the district court." (Id. at 20.) Petitioner did not raise these arguments at any time prior to the filing of his request for a certificate of appealability. At most, petitioner alleged in his traverse, without elaboration, that his counsel rendered ineffective assistance because of his "failure to locate alibiing witnesses." (See Traverse at 21; June 18, 2009 Findings and Recommendations at 29 n.13.) Because petitioner did not raise a claim of actual innocence in the petition before this court, or a valid claim that his trial counsel failed to investigate his former wife as an alibi witness, the court declines to grant a certificate of appealability on those claims.